UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :

         - v. -                   :

                                  :     **INDICTMENT**

SPYROS PANOS, M.D.,               :
                                        18 Cr. 581
         Defendant.               :
                                  :
- - - - - - - - - - - - - - - - - -X

**COUNT ONE**
(Wire Fraud)

The Grand Jury charges:

Background

1. At times relevant to this Indictment, SPYROS PANOS, M.D., the defendant, was an orthopedic surgeon practicing in Dutchess County. In or about August 2013, PANOS surrendered his license to practice medicine. Between in or about August 2013 and the present, PANOS has resided in Hopewell Junction, New York (the "PANOS Residence"), except during the period of time between on or about April 8, 2014 and on or about October 21, 2016.

2. In connection with medical treatment relating to Workers' Compensation and other insurance claims, a peer review may be conducted when a treating physician recommends that a patient receive a variance in treatment. Doctors performing peer reviews are licensed independent doctors who review

patients' files and write reports opining whether variances are appropriate. Peer review doctors do not examine the patients.

3. Several companies supply doctors who conduct peer reviews in connection with Workers' Compensation and other insurance claims. Prior to becoming a peer review doctor and being assigned to perform peer reviews, a doctor must establish that he/she has the proper credentials. To that end, the doctor must provide the following information to the peer review companies, among other things: the schools from which the doctor earned his/or degrees and other educational credentials, the states in which he/she is licensed to practice medicine, and other pedigree and background information such as birth date and social security number.

### The Criminal Scheme

4. After SPRYOS PANOS, M.D., the defendant, surrendered his medical license in or about August 2013, and before on or about April 8, 2014, PANOS perpetrated a scheme to defraud peer review companies by impersonating a licensed orthopedic surgeon practicing in Westchester County ("Doctor-1"). Among other things, PANOS submitted Doctor-1's credentials to peer review companies and he conducted peer reviews under Doctor-1's name and credentials.

5. In or about September 2016, SPYROS PANOS, M.D., the defendant, resumed his scheme and continued to defraud peer

review companies by submitting Doctor-1's credentials to peer review companies and conducting peer reviews under Doctor-1's name and credentials.

6. Through his scheme, SPYROS PANOS, M.D., the defendant, obtained a total of over $876,300 from six peer review companies.

7. In particular, in or about September 2013, in order to mask his identity, SPYROS PANOS, M.D., the defendant, created an email account (the "Email Account") by providing Doctor-1's name as the subscriber on the account, without Doctor-1's knowledge and authorization. PANOS used the Email Account to communicate with peer review companies.

8. Also in or about September 2013, SPYROS PANOS, M.D., the defendant, submitted credentialing information of Doctor-1, without Doctor-1's knowledge and authorization, to three peer review companies ("Peer Review Company-1," "Peer Review Company-2" and "Peer Review Company-3", collectively, the "Three Peer Review Companies").

9. In or about December 2013, SPYROS PANOS, M.D., the defendant, formed a company called Excel O LLC (hereafter "Excel O") at an address in Brooklyn (the "Brooklyn Address"). The registered agent for Excel O is PANOS' family member and is not a licensed physician ("Family Member-1"). The Brooklyn Address is a building owned by another PANOS family member

("Family Member-2") who also is not a licensed physician. He instructed the Three Peer Review Companies to pay him through checks issued to Excel O and sent to the Brooklyn Address.

10. Also in or about December 2013, SPYROS PANOS, M.D., the defendant, had an account opened at Hudson Valley Federal Credit Union ("HVFCU") in the name of Excel O ("Excel O Account-1") using Family Member-1 as the account holder.

11. Between in or about December 2013 and on or about April 8, 2014, SPYROS PANOS, M.D., the defendant, posing as Doctor-1, received patient files from the Three Peer Review Companies by using a computer located at the PANOS residence, logging on to secure portals of the Three Peer Review Companies' websites, all of which were located outside the State of New York, and downloading the patient files. After reviewing the patient files, SPYROS PANOS, M.D., the defendant, wrote reports containing his medical opinions regarding the medical treatment of the patients reflected in those files. Then, he logged on to the companies' websites through their secure portals, and uploaded his reports to their systems.

12. Between in or about December 2013 and on or about April 8, 2014, SPYROS PANOS, M.D., the defendant, caused the Three Peer Review Companies to issue checks made out to Excel O LLC or Excel Orthopedics, totaling over $239,000, in payment for peer reviews that he represented Doctor-1 performed when, in

4

truth, he performed the peer reviews. SPYROS PANOS, M.D., the defendant, also had the Three Peer Review Companies mail all the checks to the Brooklyn Address and they were subsequently deposited to Excel O Account-1.

13. In or about September 2016, SPYROS PANOS, M.D., the defendant, resumed perpetrating his scheme to defraud peer review companies. Without Doctor-1's knowledge and authorization, he re-submitted Doctor-1's credentialing information to Peer Review Company-1 and Peer Review Company-2, and submitted Doctor-1's credentialing information to three additional peer review companies ("Peer Review Company-4," "Peer Review Company-5" and "Peer Review Company-6," collectively, the "Five Peer Review Companies").

14. On or about December 2, 2016, SPYROS PANOS, M.D., the defendant, had a second account in the name of Excel O opened at HVFCU ("Excel O Account-2"). Family Member-1, again, is the only name associated with Excel O Account-2.

15. Between in or about September 2016 and in or about October 2017, SPYROS PANOS, M.D., the defendant, posing as Doctor-1, communicated with the Five Peer Review companies electronically in the same manner described above. Using his computer at the PANOS residence, he logged on to the websites of the Five Peer Review Companies, all of which were located outside the State of New York, through their secure portals, and

5

downloaded patient files. He reviewed the files and then uploaded his reports containing medical opinions regarding the medical treatment of the patients reflected in those files.

16. Between in or about December 2016, and in or about October 2017, SPYROS PANOS, M.D., the defendant, caused the Five Peer Review Companies to issue checks made out to Excel O LLC or Excel Orthopedics, totaling over $636,500, in payment for peer reviews that he represented Doctor-1 performed when, in truth, he performed the peer reviews. SPYROS PANOS, M.D., the defendant, also had the Five Peer Review Companies mail all the checks to the Brooklyn Address and they were subsequently deposited to Excel O Account-2.

17. In total, between in or about September 2013 and in or about October 2017, SPYROS PANOS, M.D., the defendant, fraudulently obtained over $876,300 from all the peer review companies.

### Statutory Allegation

18. From in or about September 2013 through in or about October 2017, in the Southern District of New York and elsewhere, SPYROS PANOS, M.D., the defendant, did willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, would and did transmit and cause

6

to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SPYROS PANOS, M.D., an unlicensed physician, induced peer review companies to pay him over $876,300 in fees for conducting peer reviews of patient files by assuming the identity of a licensed physician, falsely representing himself to be that physician, reviewing patient files, and submitting reports to the peer review companies, by, among other things, logging onto a portal of one of the review companies, whose server was located in Georgia, from a computer in Hopewell Junction, New York, on numerous occasions from on or about February 26, 2017 through on or about April 21, 2017.

(Title 18, United States Code, Section 1343.)

## COUNT TWO
(Health Care Fraud)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 17 of this Indictment are repeated and realleged as though fully set forth herein.

7

## Statutory Allegation

20. From in or about September 2013 through in or about October 2017, in the Southern District of New York and elsewhere, SPYROS PANOS, M.D., the defendant, did knowingly and willfully, execute and attempt to execute a scheme and artifice to defraud a health care benefit program and to obtain money and property owned by, or under the custody and control of a health care benefit program, by means of false and fraudulent pretenses, representations and promises, money and property owned by, or under the custody and control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, and services, to wit, SPYROS PANOS, M.D., an unlicensed physician, induced peer review companies to pay him over $876,300 in fees for conducting peer reviews of patient files by assuming the identity of a licensed physician, falsely representing himself to be that physician, reviewing patient files, and submitting reports to the peer review companies from Hopewell Junction, New York.

(Title 18, United States Code, Section 1347.)

## COUNT THREE
(Aggravated Identity Theft)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 17 of this Indictment are repeated and realleged as though fully set forth herein.

### Statutory Allegation

22. From in or about September 2013 through in or about October 2017, in the Southern District of New York and elsewhere, SPYROS PANOS, M.D., the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, SPYROS PANOS, M.D., the defendant, possessed, used, and transferred the personal identification information of another person in connection with the commission of wire fraud and health care fraud, as charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Section 1028A.)

## Forfeiture Allegation

23. Upon the conviction of the Offense alleged in Count One of this Indictment, SPYROS PANOS, M.D., the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461, all property, constituting or derived from, proceeds traceable to the offense alleged in Count One of this Indictment that the defendant personally obtained.

24. As a result of committing the offenses alleged in Counts Two and Three of this Indictment, SPYROS PANOS, M.D., the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 982(a)(7), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

### Substitute Asset Provision

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Sections 981, 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

*United States District Court*

SOUTHERN DISTRICT OF NEW YORK

# THE UNITED STATES OF AMERICA

vs.

SPYROS PANOS, M.D.,

**Defendant.**

# INDICTMENT

18 Cr.

(In Violation of Title 18, United States Code, Section 371)

**GEOFFREY S. BERMAN**

<u>United States Attorney.</u>

**A TRUE BILL**

_____
<u>Foreperson.</u>

8/13/18