UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SPYROS PANOS, <br><br>                     Defendant. | No. 18-CR-581 (KMK) <br><br> ORDER |

KENNETH M. KARAS, United States District Judge:

The Court has received Defendant's application for the appointment of counsel to file a petition for a writ of certiorari. For the reasons explained below, Defendant's Criminal Justice Act ("CJA") counsel, Mr. Spilke, is directed to file a letter explaining, by no later than July 24, 2024, whether: (1) he has complied with the Second Circuit's CJA Plan and Local Rules as set forth *infra*; and (2) he will assist Defendant in filing his petition for a writ of certiorari.

"[T]he CJA establishes the broad institutional framework for appointing counsel for a criminal defendant who is financially unable to obtain representation." *United States v. Parker*, 439 F.3d 81, 91 (2d Cir.2006). Defendants eligible to receive CJA counsel are entitled to representation in a broad range of proceedings, including, for example, when charged with a violation of supervised release, 18 U.S.C. § 3006A(a)(1)(E), when held in custody as a material witness, *id.* § 3006A(a)(1)(G), and when facing a felony charge, *id.* § 3006A(a)(1)(A). The CJA further provides that defendants who are entitled to counsel "shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the [district] court through appeal, including ancillary matters appropriate to the proceedings." *Id.* § 3006A(c). When a defendant "appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor." *Id.* § 3006A(d)(7). As

the Second Circuit has explained, "[i]t is now settled that [the CJA's] provisions guarantee eligible defendants the right to representation when seeking a writ of certiorari from the Supreme Court." *Taylor v. United States*, 822 F.3d 84, 88 (2d Cir. 2016).[1]

The Second Circuit's CJA Plan provides that:

> In the event of a decision adverse to a CJA client in this Court, the CJA attorney must: promptly transmit to the CJA client a copy of the Court's decision; advise the CJA client in writing of the right to file a petition for panel rehearing or rehearing en banc in this Court and a petition for a writ of certiorari with the United States Supreme Court; inform the CJA client of the CJA attorney's opinion as to the merit and likelihood of success of such petitions; and if requested to do so, file such petitions. A CJA attorney who has reasonable grounds to believe that a petition would have no likelihood of success may file a motion to withdraw under LR 4.1. In the event the CJA attorney moves to withdraw after the CJA client has requested that a petition for rehearing or rehearing en banc be filed, the attorney must include in the motion to withdraw a request on behalf of the CJA client for an extension of time of 30 days for the CJA client to petition pro se for rehearing or rehearing en banc. If the Court relieves the CJA attorney, he or she must, within 48 hours after such motion is granted, so advise the CJA client in writing and inform the CJA client concerning the procedures for filing a petition for panel rehearing, rehearing en banc, and a writ of certiorari pro se.

Second Circuit CJA Plan § V.E. In terms of withdrawal, the Circuit's CJA Plan states: "A CJA attorney seeking to withdraw following an adverse decision of this Court and to be relieved of the obligation to file a petition for a writ of certiorari with the U.S. Supreme Court based upon reasonable grounds to believe that the petition would have no likelihood of success must follow the requirements of LR 4.1(c)." *Id.* § VI.C. In turn, Second Circuit Local Rule 4.1(c) provides: "Within 14 days after a decision by this court that is adverse to the defendant, appointed counsel

---

[1] Notably, however, there is no constitutional right to counsel for criminal defendants petitioning for certiorari. *See Pena v. United States*, 534 F.3d 92, 94–95 (2d Cir. 2008) (per curiam) ("While the Supreme Court has interpreted the Constitution to provide criminal defendants the right to appointed counsel on first-tier appeals[] . . . the Court has not found the right to exist with respect to certiorari review and other discretionary appeals." (citations omitted)); *see also Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("In *Ross v. Moffitt*, 417 U.S. 600 (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue . . . applications for review in [the Supreme] Court.").

2

may file a motion in this court to be relieved of the obligation to file a petition for a writ of certiorari with the U.S. Supreme Court if counsel has reasonable grounds to believe that the petition would have no likelihood of success. The motion must be accompanied by proof of service on the defendant and the government. The motion must also state that counsel has explained to the defendant how to file a timely petition for certiorari pro se."

Here, it is unclear whether Mr. Spilke complied with these provisions. Based on a review of the docket for the appeal in this case, Mr. Spilke filed a motion to be relieved as counsel on March 12, 2024, explaining that Defendant sought to file a pro se petition for rehearing and that it was Mr. Spilke's understanding that "the [Second Circuit would] not rule on the petition unless counsel [was] relieved." (Dkt. No. 117 (2d Cir. Dkt.).) The Circuit relieved Mr. Spilke as Defendant's attorney by order dated March 20, 2024. (*See* Dkt. Nos. 122–23 (2d Cir. Dkt.).) However, it appears that Mr. Spilke made no reference to his obligations under the Second Circuit's CJA Plan or Local Rules that are set forth above.

Accordingly, it is hereby ordered that Mr. Spilke shall file a letter by no later than July 24, 2024, explaining whether: (1) he has complied with the Second Circuit's CJA Plan and Local Rules as set forth in this Order; and (2) he will assist Defendant in filing his petition for a writ of certiorari.

The Clerk of Court is respectfully asked to mail a copy of this Order to Defendant at his current address at FCI Otisville, P.O. Box 1000, Otisville, NY 10963.

SO ORDERED.

Dated: July 10, 2024
White Plains, New York

KENNETH M. KARAS
United States District Judge