Spyros Panos, Petitioner
Reg. No. 69361-054
FCI Otisville
P.O. Box 1000
Otisville, NY  10963

ATTN: Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY  10601

RECEIVED AUG 07 2024 U.S.D.C. W.P.

August 5, 2024

Re: *** MOTION PAPERS ENCLOSED ***
    United States of America v. Spyros Panos
    Case No. 18-Cr-581(KMK)

Dear Court Clerk,

I am currently incarcerated without computer access. I respectfully request that you upload the enclosed MOTION to ECF on my behalf.

Despite numerous phone calls and emails, I have been unable to reach my court appointed attorney and do not wish to delay this MOTION any further.

Please also mail me a copy of any future ECF correspondence with respect to this MOTION at the above address.

Thank you for your prompt and kind assistance.

Respectfully Yours,

Spyros Panos

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

United States of America,
    Respondent

v.                                  Case No. 18-Cr-581(KMK)

Spyros Panos,
    Petitioner

MOTION FOR REDUCTION IN SENTENCE
PURSUANT TO
18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10



Spyros Panos, Petitioner
Reg. No. 69361-054
FCI Otisville
P.O. Box 1000
Otisville, NY  10963

Petitioner respectfully requests that this Honorable Court reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10. On November 30, 2022, Petitioner was sentenced to 111 months' imprisonment, the bottom of the then Guidelines range.

Under Amendment 821 to the Sentencing Guidelines, made retroactive by the Sentencing Commission, see U.S.S.G. §1B1.10(d) (Nov. 2023), the Guidelines range currently applicable to Counts 1 and 2 has been lowered from 87 to 108 months to 78 to 97 months, for Counts 1 and 2, relied upon at Petitioner's Sentencing. The 24-month sentence on Count 3, aggravated identity theft, must follow the sentence on Counts 1 and 2.

A sentence of 78 months of imprisonment, the bottom of the newly reduced range, for Counts 1 and 2, with the 24 months mandatory sentence for Count 3, is appropriate. We respectfully ask the Court to reduce Petitioner's sentence to 102 months.

   A. The Amended Guidelines

Amendment 821 to the Guidelines went into effect on November 1, 2023. The Amendment made "targeted changes" to reduce the impact of providing additional criminal history points for defendants under a criminal justice sentence (commonly known as "status points"). Part A of the Amendment addresses "status points" for offenders, namely the additional criminal history points given to offenders for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. The Amendment limits the overall criminal history impact of "status points" in two ways.

First, as revised, the "status points" provision under redesignated subsection (e) applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsections (a) through (d) in addition to having been under a criminal justice sentence at

1

the time of the instant offense. Offenders with six or fewer criminal history points under subsections (a) through (d) will no longer receive "status points." Second, the Amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies.

With respect to the reason for the Amendment, the Commission explained that after several research studies, the data persuasively showed that although criminal history is strongly associated with likelihood of future recidivism, status points add little to the overall predictive value associated with the criminal history score. See U.S. SENT'G COMM'N REVISITING STATUS POINTS (2022), available at https://www.ussc.gov/research/research-reports/revisiting-status-points. See U.S.S.G. App. C, Amendment 821, Reason for Amendment,

"The Commission's action to limit the impact of 'status points' builds upon its tradition of data-driven evolution of the guidelines. As described in the Introduction to Chapter Four, the original Commission envisioned status points as 'consistent with the extant empirical research assessing correlates of recidivism and patterns of career criminal behavior' and therefore envisioned 'status points' as being reflective of, among other sentencing goals, the increased likelihood of future recidivism. See U.S.S.G. Ch.4, Pt.A, intro. comment. The original Commission also explained, however, that it would ''review additional data insofar as they become available in the future.' The Commission's recent research suggests that 'status points' improve the predictive value of the criminal history score less than the original Commission may have expected, suggesting that the treatment of 'status points' under Chapter Four should be refined." Id.

The Commission, therefore, concluded that "accounting for status on a more limited basis continues to serve the broader purposes of sentencing while also addressing other concerns raised regarding the impact of status points." Id.

Explaining the rationale for making the changes to the criminal history rules retroactive, the Commission wrote, "The purpose of

2

these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that relfect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.' See 28 U.S.C. §991(b). The Commission determined that the policy reasons underlying the prospective application of the amendment apply with equal force to individuals who are already sentenced." See U.S.S.G. App. C, Amendment 825, Reason for Amendment.

To determine the extent of a retroactive sentencing reduction under §3582(c)(2) for an eligible defendant, a court "shall consider the factors set forth in 18 U.S.C. §3553(a)" as well as "public safety consideration[s]" (including the "nature and seriousness of the danger to any person or the community that may be posed by a reduction") and the defendant's "post-sentencing conduct." U.S.S.G. §1B1.10 comment. A defendant's sentence can be reduced to the minimum of the new, amended Guideline range. See U.S.S.G. §1B1.10(b)(2)(A).

B. Panos Is Eligible for a Sentence Reduction

The Court originally sentenced Petitioner on November 30, 2022. At that time, the Court concluded that the total offense level was 27 and that Petitioner was in criminal history category III, resulting in a guidelines range of 87 to 108 months for Counts 1 and 2, as well as a mandatory 24 months consecutive sentence on Count 3. ECF No. 155. Per the Sentencing Guidelines, the Court sentenced Petitioner to 87 months, for Counts 1 and 2, the bottom of the then-applicable guidelines range, and 24 months, for Count 3, to run consecutive to the sentence on all other Counts.

Under Amendment 821, Petitioner's criminal history points would be reduced from 5 to 3 because offenders with six or less criminal history points receive no status points. This moves Petitioner from criminal history category III to category II. At offense level 27

3

and criminal history category II, the amended guidelines range is 78-97 months' of imprisonment for Counts 1 and 2. Because the retroactively applicable Amendment 821 reduces Petitioner's applicable guideline range, he is eligible for a reduction in sentence to the bottom of the amended guideline range pursuant to §3582(c)(2); U.S.S.G. §1B1.10(a)(1).

### C. The Court Should Exercise its Discretion and Reduce Panos' Sentence to 102 Months

At the original sentencing, the Court was clear that its 111 month sentence was based on the then-applicable guidelines range. The Court noted, "So, considering all the 3553(a) factors, it's the judgment of the Court that Mr. Panos be sentenced to the custody of the Attorney General for a period of 111 months. That's 87 months in connection with Counts One and Two to be served concurrently, followed by 24 months on Count Three, that's to run consecutive. That's the 111 months added together." Sent'g Tr. at 53.

With respect to Petitioner's history and characteristics, the Court noted, "I've explored every single proffer of a mitigating factor, focusing especially on, you know, your calim of being too trusting and some of your mental health challenges, and the fact that your life has, has unraveled." Id. at 51-52.

Consistent with the Court's comments at the time of the original sentence, the Court should resentence Petitioner to the bottom of the amended guideline range. In addition, the Probation Department's Presentence Report states Petitioner has done extrememly well in prison. ECF No. 120. He has taken over 50 classes totaling around 650 hours in education and lifestyle improvement, and has not had any disciplinary infractions. Id. ¶36. There is nothing about Petitioner's post-sentencing conduct that would make a sentence reduction inappropriate. See U.S.S.G. §1B1.10, comment. (n.1(B)), Therefore, the Court should resentence Petitioner to 102

4

months' imprisonment, the bottom of the newly applicable sentencing range.

Respectfully Submitted,

*[signature]*

Spyros Panos, Petitioner
Reg. No. 69361-054
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

cc: All counsel of record, by ECF

Uploaded to ECF by Court Clerk

> As the Government concedes (Doc.,. # 178), Defendant qualifies for a reduced sentence under Part A of Amendment 821 as it relates to the "status points" adjustment for offenders who committed the offense conduct while subject to a criminal justice sentence. The reduction of the "status points" enhancement reduces Defendant's criminal history category from III to II and thereby lowers his Guidelines Range to from 87-108 to 78-97 months' imprisonment for Counts I and II in the Indictment. The Court originally imposed a sentence of 87 months. Count III carried a mandatory, consecutive term of 24 months' imprisonment, which is unaffected by Amendment 821.
>
> Given the new range, and the limits of the Court's discretion to impose a sentence that cannot go below the newly-calculated Guidelines Range, see U.S.S.G. Section 1B1.10(b), the Court imposes a new sentence of 78 months' imprisonment in connection with Counts I and II to be followed by the mandatory consecutive 24 months' imprisonment in connection with Count III. In imposing this sentence, the Court has taken into consideration all of the factors set forth in 18 U.S.C. Section 3553(a). And, to be clear, the Court would not have gone below 78 months, even if it had the discretion to do so, as that would have undermined respect for the law and general deterrence. Also, the Court took into consideration the full term of supervised release that also was imposed in making this determination.
>
> So Ordered.
>
> *[signature]*
>
> 10/1/24

5

Spyros Panos
Reg. No. 69361-054
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

Re: Case No. 18-Cr-581(KMK)
*** MOTION PAPERS ENCLOSED ***



RECEIVED
AUG 07 2024
U.S.D.C.
W.P.

USM
SDNY

ATTN: Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

UNITED STATES POSTAL SERVICE

USPS TRACKING #

9114 9023 0722 4533 1013 06